Jeffrey W. Herrmann
COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
Park 80 Plaza West – One
250 Pehle Ave., Suite 401
Saddle Brook, New Jersey 07663
(201) 845-9600
jwh@njlawfirm.com

Lester L. Levy
Michele F. Raphael
Matthew Insley-Pruitt
WOLF POPPER LLP
845 Third Avenue, 12th Floor
New York, New York 10022
(212) 759-4600

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BONNIE COOPER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC.,<br><br>Defendant. | Civil Action No.<br><br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff Bonnie Cooper, residing at 123 West Holly Avenue, Oaklyn, NJ 08107 (hereinafter, "Plaintiff"), by her attorneys, alleges the following upon information and belief, except for those allegations that pertain to Plaintiff, which are based on Plaintiff's personal knowledge:

#177461.1

## NATURE OF THE ACTION

1. Defendant Wal-Mart Stores, Inc. ("Wal-Mart" or "Defendant") sells a variety of products under its "Equate" brand, including two pain relievers, Equate Extra Strength Headache Relief ("Equate Headache") and Equate Migraine Relief ("Equate Migraine"). Wal-Mart positions these two similarly-packaged pain relievers close to each other, allowing consumers to view both.

2. As any of the millions of Americans who suffer from migraines can attest, migraines are a severe form of headache that can be combined with a variety of other symptoms, including nausea and photosensitivity. The bold-type name across the box of Equate Migraine and the fact that its only indicated use is for treating migraines suggests that this product—unlike Equate Headache—is specifically targeted to treat migraines and is more effective for migraines than Equate Headache. Critically, while Wal-Mart charges approximately $4.00 for two 100-count bottles of Equate Headache, it charges *more than twice as much* ($9.22) for the same amount of Equate Migraine. The higher price similarly conveys the message to consumers that Equate Migraine is a stronger medicine that will be more effective at relieving migraine pain.

3. However, Equate Migraine is not more effective at relieving migraines than Equate Headache because they are the pharmacologically identical products that contain the same active ingredients in each pill, and in the same amounts: 250 mg of acetaminophen, 250 mg of aspirin, and 65 mg of caffeine.

4. No reasonable consumer would pay more than twice as much for Equate Migraine than for Equate Headache unless he or she (as was Plaintiff) was deceived into thinking that Equate Migraine was better (stronger, more effective) for treating migraine headaches.

## PARTIES

5. Plaintiff Cooper is a citizen of the State of New Jersey. Cooper purchased Wal-Mart's Equate Migraine in July, 2013 at the Walmart located at 130 Black Horse Pike, Audubon, NJ. She paid $9.22 for the two 100-count bottles. She purchased the medicine after viewing the packaging, website, and the price charged, which led her to believe that Equate Migraine was a more powerful medicine for migraines than Equate Headache, and was therefore worth paying the extra cost. Plaintiff paid $5.22 more for two 100-count packages of Equate Migraine than was charged for Equate Headache.

6. Defendant Wal-Mart is a Delaware corporation conducting business within New Jersey and this Judicial District.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists between Plaintiff and the Class members, on the one hand, and Defendant, on the other, and the amount is controversy is greater than $75,000.

8. This Court has personal jurisdiction over Defendant because Wal-Mart's store locations and significant amount of sales within this District establish substantial contacts, ties, and relations to this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

10. Wal-Mart sells a variety of beauty, hair care, medicine, vitamin, and personal care products under its private label store brand, Equate.

#177461.1

11.     Wal-Mart directs or controls all significant aspects of the sale of its Equate products, including their manufacturing, marketing, packaging, distribution, in-store displays, online sales, and pricing.

12.     In its retail stores and on its website, Wal-Mart sells the over-the-counter pain reliever Equate Extra-Strength Headache Relief Tablets (previously defined as "Equate Headache").  A screenshot of Equate Headache's page on Wal-Mart's retail website is attached as Exhibit A, where the retail price for two 100-count bottles is $4.00.  Below is a picture of the front of the package:



(source:http://www.walmart.com/ip/Equate-Extra-Strength-Headache-Relief-Tablets-Acetaminophen-Aspirin-Caffeine-2x100ct/10403050)

13.     In its retail stores and on its website, Wal-Mart sells the over-the-counter pain reliever it calls Equate Migraine Pain Reliever (previously defined as "Equate Migraine").  A screenshot of Equate Migraine's page on Wal-Mart's retail website is attached as Exhibit B, Walmart's retail price for two 100-count bottles is $9.22.  Below is a picture of the front of the

- 4 -

#177461.1

package:



(source: http://www.walmart.com/ip/Equate-Migraine-Pain-Reliever-Aid-200ct/20629928)

14. While Wal-Mart charges its customers in excess of 230% more for Equate Migraine than for Equate Headache, they are the same medicines. They both contain the same active ingredients in the same amounts: 250 mg of acetaminophen, 250 mg of aspirin, and 65 mg of caffeine.

15. However, on its website Defendant falsely lists the active ingredient in Equate Headache as only acetaminophen 250 mg, when in fact it contains the same active ingredients as Equate Migraine, acetaminophen 250 mg, aspirin 250 mg, and caffeine 65 mg (see Exhibit A).

16. Class members are deceived by the marketing of Wal-Mart, its: putting the same medicine into different color packaging (red for Equate Migraine, green for Equate Headache), labeling one for migraine and the other (same) medicine for headache, falsely listing only one active ingredient on its website for Equate Headache (as opposed to three active ingredients for

Equate Migraine), and charging 230% more for the (same) medicine, labeled Migraine.

17. Wal-Mart's deception is also effective as it promotes itself with the slogan:

> Walmart
> Save money. Live better.

Customers are then lead to believe that Wal-Mart would not charge 230% more for its product that is essentially the same as a much cheaper Wal-Mart product that it sells.

18. Plaintiff purchased Equate Migraine for $9.22, rather than Equate Headache for $4, because she was led to believe that Equate Migraine was designed specifically to treat migraines and was more effective than Equate Headache. She had an ascertainable loss in the amount of $5.22, the difference between what Wal-Mart charged her for Equate Migraine and what it charges for the same amount of Equate Headache.

## CLASS ALLEGATIONS

19. Plaintiff brings this suit as a class action on behalf of herself and on behalf of others similarly situated pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3) (the "Class"). The proposed Class consists of:

> All citizens of the State of New Jersey who purchased Wal-Mart's Equate Migraine in New Jersey at anytime from September 15, 2007 to the present (the "Class Period").

20. The members of the Class are so numerous that joinder is impracticable. At a minimum, more than a thousand persons purchased Wal-Mart's Equate Migraine during the Class Period. Moreover, thousands more will purchase Wal-Mart's Equate Migraine based on the deceptive conduct described herein if Wal-Mart's practices are not stopped.

21. Plaintiff's claims are typical of the claims of the Class as she purchased Wal-Mart's Equate Migraine during the Class Period and sustained damages as a result of Wal-Mart's deceptive conduct.

22. Plaintiff will fairly and adequately represent and protect the interests of the other Class members for purposes of Federal Rule of Civil Procedure 23(a)(4). Plaintiff has no interests antagonistic to those of other Class members. Plaintiff is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent them.

23. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class, including, but not limited to:

    a) whether Defendant wrongfully suggested that its Equate Migraine was specifically formulated to relieve migraine-related pain;

    b) whether Defendant's acts and practices in connection with the promotion and sale of its Equate Migraine violated the New Jersey Consumer Fraud Act;

    c) whether Defendant's acts and practices in connection with the promotion and sale of its Equate Migraine constituted unconscionable commercial practices in violation of the New Jersey Consumer Fraud Act;

    d) whether Defendant's acts and practices in connection with the promotion and sale of its Equate Migraine constituted deception in violation of the New Jersey Consumer Fraud Act;

    e) whether Defendant's acts and practices in connection with the promotion and sale of its Equate Migraine constituted a false pretense in violation of the New Jersey Consumer Fraud Act;

    f) whether Defendant was unjustly enriched by its actions;

    g) whether Defendant's conduct, as set forth herein, damaged members of the Class and if so, the, the measure of those damages;

      h)      whether Defendant's acts and practices and omissions in connection with the promotion and sale of its Equate Migraine should be enjoined; and

      i)      the nature and extent of any other relief that should be provided.

24.    Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(2) because the Defendant has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

25.    Pursuant to Fed. R. Civ. P. 23(b)(3) the question of law and/or fact that are common to the members of the Class predominate over any questions affecting only individual Class members.  The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Plaintiff and Class members, and no unusual diffidulties are likely to be encountered in the management of this action.  Since the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually seek redress for the wrongful conduct alleged.  Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parities and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are

before this Court for consistent adjudication of liability issues.

## CAUSE OF ACTION

**Violation of New Jersey Consumer Fraud Act**
**(N.J.S.A. 56:8-1 *et seq.*)**

26.   Plaintiff realleges and incorporates by reference each allegation in the above paragraphs and further alleges as follows:

27.   The New Jersey Consumer Fraud Act prohibits "[t]he act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise" including any sale or distribution of any services.  N.J.S.A. 56:8-2; N.J.S.A. 56:8-1(c), (e).

28.   Defendant's marketing of its Equate Migraine falls within the purview of the New Jersey Consumer Fraud Act.

29.   Defendant, as a corporation, company or seller, is a "person" within the meaning of the New Jersey Consumer Fraud Act, and as such is prohibited from engaging in unconscionable business practices, deceptive acts, utilizing false pretenses, and effectuating misrepresentations.

30.   Defendant's conduct with respect to the promotion and marketing of their Equate Migraine, including suggesting to consumers that the Equate Migraine is specifically formulated for migraines, the false statement on Walmart's website that Equate Headache has only one active ingredient, the fact that Wal-Mart charges 230% more for Equate Migraine than for Equate Headache, and packages them in a different color packaging, constitutes an unconscionable commercial practice, deception, fraud, false pretense, misrepresentation of

material facts.

31.     Defendant has engaged in an unconscionable commercial practice in violation of the New Jersey consumer Fraud Act (N.J.S.A. 56:8-2) in that Defendant conveyed to the Plaintiff and other members of the Class the false impression that the product sold as Equate Migraine was superior for those suffering from migraine headaches than the produce Equate Headache even though the two products had identical active ingredients in identical proportions.

32.     Were it not for Defendant's unconscionable practices, Plaintiff and the Class would not have purchased Equate Migraine at a higher price than Equate Headache. Accordingly, Plaintiff and the Class suffered an ascertainable loss as a result of being improperly induced to pay more for the Equate Migraine than Equate Headache during the Class Period. The amount of the ascertainable loss is the difference between that charged for Equate Migraine and that charged for Equate Headache, or, in the Plaintiff's case $5.22.  Plaintiff seeks damages pursuant to N.J.S.A. 58:8-19 for all damages sustained by the Plaintiff and all members of the Class in connection with the unconscionable commercial practices complained of.

33.     Because the deceptive conduct and false pretense, etc, described above are continuing, Class members are continually being injured by Defendant's unlawful conduct and Defendant is continuing to profit thereby.

34.     Plaintiff seeks an order for preliminary and/or permanent injunctive relief requiring Defendant to (i) discontinue advertising, marketing, packaging, pricing and otherwise implying that Equate Migraine is stronger and more effective for migraine headaches than Equate Headache; (ii) discontinue advertising, marketing, and otherwise promoting that Walmart saves consumers money with respect to the sale of Equate Migraine; and (iii) take the offending packages off the shelves or replace them.

#177461.1

35. There is no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of herself and all other members of the Class demands judgment against Defendant as follows:

(a) determining that this action is properly brought as a class action and certifying Plaintiff as representative of the Class and her counsel as Class counsel;

(b) awarding preliminary and permanent injunctive relief restraining Defendant from continuing the unlawful practices set forth herein;

(c)

(d) awarding Plaintiff and the proposed Class members their damages, trebled;

(e) awarding attorneys' fees and costs expended in litigating this action; and

(f) granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury for all claims so triable.

Dated: September 12, 2013

                                              COHN LIFLAND PEARLMAN
                                              HERRMANN & KNOPF LLP

                                              By: *s/ Jeffrey W. Herrmann*
                                              Jeffrey W. Herrmann
                                              Peter S. Pearlman
                                              Park 80 Plaza West-One
                                              250 Pehle Ave., Suite 401
                                              Saddle Brook, New Jersey 07663
                                              (201) 845-9600

                                              Lester L. Levy
                                              Michele F. Raphael
                                              Matthew Insley-Pruitt
                                              WOLF POPPER LLP
                                              845 Third Avenue
                                              New York, New York 10022
                                              (212) 759-4600

                                              Counsel for Plaintiff and the Class

#177461.1